This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant James Bergman appeals the judgment of the Lorain County Common Pleas Court adjudicating him a sexual predator. Defendant argues that R.C. Chapter 2950 is unconstitutional on several bases, and that the trial court's judgment is not supported by clear and convincing evidence. We affirm the judgment of the trial court.
On January 26, 1994, defendant was indicted by the Lorain County Grand Jury for four counts of rape. Defendant entered pleas of guilty to all four counts on April 29, 1994, and was sentenced accordingly. On February 5, 1997, the Ohio Department of Rehabilitation and Corrections notified the trial court with its recommendation that defendant be adjudicated a sexual predator. The matter was then set for a hearing on April 3, 1997.
 Detective Bruce Johnston testified at the hearing that he was the investigating officer pertaining to the allegations against defendant. Detective Johnston indicated that on January 21, 1994, he was approached by Ms. Margaret Webb and informed that she had been raped by defendant. Ms. Webb was nineteen years old at the time these crimes were committed, and defendant was approximately twenty-five years old. Ms. Webb told Detective Johnston that between March 1993 and September 1993, defendant forced her to perform oral sex against her will. Ms. Webb further told Detective Johnston that while performing these sexual acts on defendant she had asked him to let her stop and he refused. On several occasions Ms. Webb vomited and defendant forced her to continue. Detective Johnston further learned that defendant had forcefully performed anal intercourse with Ms. Webb causing her to bleed, and over her protests to stop. Ms. Webb also told Detective Johnston that defendant had threatened to kill her by throwing her from a bridge. Upon further investigation, Detective Johnston acquired a tape recorded conversation between Ms. Webb and defendant in which defendant admitted to all of the alleged abuses.
The trial court also relied upon a pre-sentence investigation report prepared for a case before Judge Glavas in the Lorain County Court of Common Pleas in which defendant was convicted of two counts of attempted rape. In that case, defendant was convicted for performing oral and anal sex with the victim over a period of six years, from the time the victim was five years of age until the victim was eleven years old. Defendant was on probation for these offenses at the time he committed the offenses in the instant case.
At the conclusion of the hearing, the trial court took the matter under advisement. On April 9, 1997, the trial court issued its ruling adjudicating defendant as a sexual predator. This appeal followed.
 First Assignment of Error The trial court erred to the prejudice of [defendant] when itfailed to find O.R.C. 2950.09 unconstitutional as an Ex PostFacto law and as being contrary to the Double Jeopardy Clauses ofthe U.S. [sic] and Ohio Constitutions and beingcontrary to statute, O.R.C. 1.58.
Defendant first contends that R.C. 2950.09 is an ex postfacto law, and violates his rights against double jeopardy. This assertion lacks merit.
In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court held that "R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex PostFacto Clause of Section 10, Article I of the United States Constitution." Id. at paragraph two of the syllabus. Thus, this portion of defendant's assignment of error is overruled.
In State v. Nuckols (Aug. 26, 1998), Wayne App. No. 97CA0076, unreported, this Court held that because the requirements set forth in R.C. 2950.09(B) do not constitute punishment, see Statev. Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported, there exists no claim for a violation of double jeopardy.Nuckols, supra, at 17. Therefore, this portion of defendant's first assignment of error is also overruled.
Finally, in accordance with our conclusion that R.C. 2950.09(B) does not constitute punishment, it is not violative of R.C. 1.58. Accordingly, the remaining portion of defendant's assignment of error is overruled. Defendant's first assignment of error is, therefore, overruled in its entirety.
 Second Assignment of Error The trial court erred to the prejudice of [defendant] whenit failed to find O.R.C. 2950.09 to be an unconstitutional denialof due process, equal protection and fundamental fairness of thelaw.
 Third Assignment of Error The trial court erred to the prejudice of [defendant] whenit failed to find O.R.C. 2950.09 to be unconstitutionally vague,thereby denying [defendant] due process of law.
In State v. Jameson (Apr. 22, 1998), Lorain App. No. 97CA006704, unreported, this Court addressed the issues presented in defendant's second and third assignments of error. We specifically held that R.C. 2950.09 violates neither equal protection nor due process of law, id. at 7-8, and is not unconstitutionally vague, id at 12. Therefore, defendant's second and third assignments of error are overruled.
 Fourth Assignment of Error The trial court erred to the prejudice of [defendant] whenit failed to find O.R.C. 2950.09 violated [defendant], as wellas [defendant's] family, right of privacy.
Defendant next avers that the public notification requirements of R.C. 2950.09 violate his right to privacy. We disagree.
In State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported, this Court held that these notification requirements do not impinge upon an individual's right to privacy. Id. at 15-16. Accordingly, defendant's fourth assignment of error is overruled.
 Fifth Assignment of Error The trial court erred to the prejudice of [defendant] when itfound [defendant] to be a sexual predator even though no testimonywas presented to show by clear and convincing evidence that[defendant] was likely to engage in the future in one or moresexually oriented offenses.
Finally, defendant contends that there was insufficient evidence before the trial court to establish the requisite burden of proof to be adjudicated a sexual predator. We disagree.
Pursuant to R.C. 2950.09(B), the trial court held a hearing to determine whether defendant should be adjudicated a sexual predator. In making this determination, the judge must consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
 R.C. 2950.09(B)(2). After hearing the evidence, and considering the relevant factors, the court found by clear and convincing evidence that defendant is a sexual predator. "The standard of clear and convincing evidence requires a `degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.'" State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported at 3, quoting State v. Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported at 4, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477. Clear and convincing evidence implies more than a preponderance, but not the degree of certainty needed to establish the proposition beyond a reasonable doubt. Cross, supra, at 477. In reviewing a trial court's decision based upon clear and convincing evidence, this Court must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard. Id. We find such evidence was present before the trial court.
 The record reflects that the conduct for which defendant was sentenced in the instant case demonstrated a pattern of abuse. Ms. Webb indicated that the abuse occurred over a period of several months. In addition, the circumstances of defendant's prior conviction indicate he engaged in the abuse over a period of six years. Ms. Webb also stated that defendant forcefully required her to perform these sexual acts, and on several occasions caused her to vomit, and yet made her continue. Such evidence supports a finding that the sexual acts defendant was sentenced for displayed cruelty and that defendant made threats of cruelty to Ms. Webb. Finally, the record reflects that defendant was previously convicted for sexually oriented offenses, and was on probation for these offenses at the time he committed the instant crimes.
Defendant takes exception with the trial court's reliance upon hearsay evidence and "uncorroborated information." However, the Ohio Supreme Court in State v. Cook, supra, specifically held that "the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings." Id. at 425. The court reasoned that the classification hearings are akin to sentencing or probation hearings, "where it is well settled that the Rules of Evidence do not strictly apply." Id. The court went on to note that such hearings do not occur until after the offender has been convicted of the underlying offense, and, therefore, the hearing is limited to a determination of a defendant's status, not his guilt or innocence. Id. Therefore, the trial court in the casesub judice properly considered the testimony of Detective Johnston pertaining to his communications with Ms. Webb, and it properly relied upon the presentence investigation report prepared in defendant's prior case.
 In view of the undisputed facts revealed during the sexual predator hearing, and defendant's guilty pleas to four sex offenses in the instant case, this Court cannot disturb the trial court's finding that clear and convincing evidence supported its determination that defendant is a sexual predator. Defendant's fifth assignment of error is overruled.
Defendant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Common Pleas Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
DANIEL B. QUILLIN
FOR THE COURT
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)
BAIRD, P.J.
CARR, J.
CONCUR